GILLESPIE, Presiding Justice:
A contract of sale was entered into whereby T. T. Lawrence, appellee, agreed to sell to M. L. McCarty, appellant, property described as being that,
portion of land approximately 58' x 110' on U. S. Hiway 82 adjoining Liberty Nat’l Ins. Co. office on east and Walden Std. Src. Sta. on west.
Dispute arose over this description. McCarty contended that the depth of the lot was unambiguously fixed by the contract to be 110 feet. Lawrence maintained that the word “approximately” within the description refers to both the depth and the width of the lot and that the north line of the property to be sold McCarty would be even with the northwest corner of the Liberty National Life Insurance Company’s office building mentioned in the description as adjoining the property to be sold on the east, and that the distance from Highway 82 to the northwest corner of the said office building measured 98.3 feet. McCarty’s suit in the Chancery Court of Lowndes County for specific performance was dismissed. Lawrence’s cross-bill for specific performance based on the depth of 98.3 feet was also dismissed. Therefrom, McCarty appeals. Lawrence did not cross-appeal.
In refusing to order specific performance the chancellor stated that the description within the contract was ambiguous; that the adverb “approximately” refers to both the east-west (width) and north-south (depth) dimensions of the lot; and that no monument appears in the description establishing the northern boundary of the lot in question.
Extrinsic evidence revealed that the distance between the Liberty National Life Insurance Company property on the east and Walden Standard Service Station on the west is 58 feet. The lot on which the Liberty National’s office building is situated runs north for a distance of 166.3 feet from the frontage on Highway 82. The Walden service station lot runs north from Highway 82 a distance of 150 feet. The land owned by Lawrence from which the lot in question was to be carved extended northward from Highway 82 through the block.
The principal argument propounded by McCarty is that at the time the contract was prepared the precise distance between the Liberty National property on the east and the Walden service station property on the west was not known to either of the parties. It was allegedly for this reason that the word “approximately” was placed in the contract as reference only to the width, and no other dimension, of the lot. Thus, contends McCarty, the east-west (width) dimension may be ascertained with certainty by measuring the distance between the adjoining properties, and the north-south (depth) dimension is fixed with certainty by the unambiguous figure of 110 feet..
In our opinion the adverb “approximately” modifies the width and depth figures, the adjectives 58 and 110. Not only is this true grammatically, but a casual reader would reasonably understand the figures in the description to be approximations. The two dimensions are one unit insofar as the modification of the adverb “approximately” is concerned.
Although the width dimension is capable of certainty by the utilization of extrinsic evidence to provide the distance between the adjoining properties, the only possible monument which could fix the depth of the lot is the Liberty National office building. The chancellor correctly held that neither McCarty’s argument that the depth was precisely 110 feet nor Lawrence’s assertion that the north line be determined by the northwest corner of the Liberty National office building warranted the Court’s approval. Either interpretation is too vague and uncertain to justify judicial sanction by *777 specific performance. Bradley v. Howell, 161 Miss. 346, 133 So. 660 (1931).
Affirmed.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.